CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

September 14, 2018

LETTER TO COUNSEL

RE: *George Snyder v. Commissioner, Social Security Administration*;[1]
Civil No. SAG-14-3496

Dear Counsel:

Arjun K. Murahari, Esq. has filed a motion for attorney's fees pursuant to the Social Security Act ("Act"), 42 U.S.C. § 406(b), in conjunction with his representation of George Snyder before this Court. (ECF No. 22). In response, the Social Security Administration ("SSA") asked this Court to consider whether Mr. Murahari's requested amount constitutes a reasonable fee. (ECF No. 23). On August 23, 2018, Mr. Murahari filed a reply. (ECF No. 28). I have considered those filings. (ECF Nos. 22, 23, 28). No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). For the reasons set forth below, Mr. Murahari's motion for attorney's fees is GRANTED IN PART and DENIED IN PART.

On November 10, 2015, this Court awarded Mr. Murahari $3,348.29 for 17.50 hours worked on Mr. Snyder's case in federal court, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (ECF Nos. 19, 21). Mr. Snyder subsequently received an Award Notice, in which he was awarded $137,021.00 in past due benefits. (ECF No. 22-2). The SSA withheld twenty-five percent of Mr. Snyder's past due benefits, amounting to $34,255.25. *Id.* at 3. On July 16, 2018, Mr. Murahari filed a Motion for Attorney's Fees, seeking $34,255.25 in attorney's fees. (ECF No. 22). Mr. Murahari has agreed to deduct $3,348.29 in fees previously received from the amount to be collected. (ECF Nos. 22, 28); *see Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002); *Stephens ex rel. R.E. v. Astrue*, 565 F.3d 131, 135 (4th Cir. 2009).

The Act authorizes a reasonable fee for successful representation before this Court, not to exceed twenty-five percent of a claimant's total past-due benefits. 42 U.S.C. § 406(b). Although contingent fee agreements are the "primary means by which fees are set" in Social Security cases, a court must nevertheless perform an "independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. In determining whether a request for attorney's fees under section 406(b) is reasonable, the Supreme Court has explained that a reviewing court may properly consider the "character of the representation and the results the representative achieved." *Id.* at 808. Importantly, the Supreme Court acknowledged that a

---

[1] Currently, the position of Commissioner of the Social Security Administration is vacant, and most duties are fulfilled by Nancy A. Berryhill, Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security.

contingent fee agreement would not result in a reasonable fee if the fee constituted a "windfall" to the attorney. *Id.* Courts may require the attorney to provide a record of hours spent working on the case and the attorney's typical hourly billing charge. *Id.*

Here, Mr. Murahari and Mr. Snyder entered into a contingent fee agreement, by which Mr. Snyder agreed to pay Mr. Murahari twenty-five percent of all retroactive benefits to which he might become entitled. (ECF No. 19-4). In his previous motion for attorney's fees pursuant to the EAJA, Mr. Murahari submitted an itemized report documenting the 17.50 hours he expended before this Court in Mr. Snyder's case. (ECF No. 19-7) (listing a total of 18.70 hours, 1.20 of which were spent on clerical and administrative tasks marked "NO CHARGE"). If Mr. Murahari receives the full amount of fees he requests, his fee for representation before this Court will effectively total $1,957.44 per hour. Mr. Murahari must therefore show that an effective rate of $1,957.44 per hour is reasonable for the services he rendered. *See Gisbrecht*, 535 U.S. at 807.

Notably, Mr. Murahari's requested fee results in more than eight times the top hourly rate that is presumptively reasonable for attorneys of his experience level pursuant to the fee guidelines appended to the Local Rules of this Court,[2] and more than nine times his typical hourly billing charge of $200, (ECF 19-6). Although it is customary in Social Security cases for courts to approve significantly higher rates, Mr. Murahari's requested rate exceeds the typical rate awarded by courts in the Fourth Circuit for attorney's fees in successful Social Security appeals. *See, e.g.*, *Melvin v. Colvin*, No. 5:10-CV-160-FL, 2013 WL 3340490 (E.D.N.C. July 2, 2013) (approving contingency fee agreement with hourly rate of $1,043.92); *Claypool v. Barnhart*, 294 F. Supp. 2d 829, 833 (S.D.W. Va. 2003) (approving contingency fee agreement with hourly rate of $1,433.12); *Lehman v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-10-2160 (D. Md. July 7, 2016) (unpublished) (approving contingency fee agreement with hourly rate of $1,028.14). While this Court notes Mr. Murahari's effective performance and the substantial past-due benefit award to his client, Mr. Murahari's request for $34,255.25 for 17.50 hours in this case would result in a windfall. Instead, this Court finds that an award of $17,500.00, amounting to an hourly rate of $1,000.00—more than quadruple the top hourly rate for an attorney of Mr. Murahari's experience in 2014–15 and more than triple the top hourly rate for an attorney of his current experience, would adequately compensate Mr. Murahari for the time that he spent on this case in this Court. *See Hunter v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-15-3758 (D. Md. Nov. 16, 2017) (unpublished) (approving contingency fee agreement with hourly rate of $1,140.41, while noting that the requested rate was "slightly more than triple the top hourly rate" for an attorney with eleven years of experience).

---

[2] Although they do not govern Social Security cases, the Local Rules prescribe guidelines for determining attorney's fees in certain cases, which are instructive in evaluating the reasonableness of the effective hourly rate in this case. *See* Loc. R. App. B (D. Md. 2016). For attorneys admitted to the bar for a period of less than five (5) years, like Mr. Murahari was in 2014–15, (ECF 19-6), the presumptively reasonable hourly rate is between $150.00 and $225.00 per hour. Loc. R. App. B (D. Md. 2016). Currently, Mr. Murahari has seven (7) years of experience and the presumptively reasonable hourly rate for attorneys admitted to the bar for five (5) to eight (8) years is between $165.00 and $300.00. *Id.*

For the reasons set forth herein, this Court GRANTS IN PART and DENIES IN PART Mr. Murahari's motion for attorney's fees, (ECF No. 22). This Court will award Mr. Murahari attorney's fees totaling $17,500.00. Mr. Murahari is directed to reimburse to Mr. Snyder the $3,348.29 in fees he received pursuant to the EAJA.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing order follows.

                                      Sincerely yours,

                                          /s/

                                      Stephanie A. Gallagher
                                      United States Magistrate Judge